IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS H. BOUTIN | ) | |
|     Plaintiff, | ) | |
| vs. | ) | PROTECTIVE ORDER |
| HAMPTON INN, HICKORY, LLC; | ) | |
| BW HICKORY, LLC | ) | No. 5:11-cv-118-RLV-DSC |
|     Defendants. | ) | |

On the Motion of Plaintiff Douglas H. Boutin ("Plaintiff" or "Boutin"), and Defendants Hampton Inn, Hickory, LLC and BW Hickory, LLC ("Defendants"), for good cause shown, IT IS HEREBY ORDERED:

1. This Protective Order shall govern all documents and other discovery materials produced in response to any method of discovery conducted by Plaintiff or Defendants, between themselves or with respect to third-party discovery in this case. The Order shall govern the use and disclosure of certain confidential, highly confidential, proprietary and/or trade secret information designated in good faith by a party as falling within the categories described in this Order.

2. Whenever, in the exercise of careful judgment, any party to this action or third party that is subject to a discovery request determines that a response to a request for discovery should be treated as confidential, that party shall have the right to designate the information as "confidential" or "highly confidential" by marking each confidential page of a document or deposition by a suitable marking, indicating the confidentiality of the information therein, prior to the transmission of a physical copy thereof to the other party. As to those documents that counsel produces for examination by opposing counsel for the purpose of determining which of those documents opposing counsel desires copies, said documents shall be subject to this Order, whether or not marked, until copies thereof are requested and supplied, and thereafter only if the copies supplied are marked as provided in this paragraph or otherwise designated as confidential. Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made therefrom, also shall be "confidential" or "highly confidential" material and subject to the restrictions set forth herein. Nothing herein shall prevent a party from objection to the production of discovery pursuant to Federal Rules of Civil Procedure 26, *et seq.*, or on privilege or work product grounds.

3. The parties, by and through their respective counsel, hereby agree that information may be designated by any party as either "confidential" or "highly confidential". "Highly confidential" information means information that is non public and contains particularly sensitive, private, confidential, proprietary or competitive information, including, without limitation, information the knowledge of which by the non producing party or third parties could cause competitive harm to the producing party.
4. Confidential material shall be disclosed only to:
    a. Counsel of record for the receiving party;

      b.      Deposition notaries and staff;
      c.      Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs (a) - (b) above;
      d.      Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;
      e.      Deponents during the course of their depositions, and witnesses in preparation for trial and during trial; and
      f.      The parties to this litigation.

5.      Highly confidential material may be disclosed only to:
      a.      Counsel of record for the receiving party;
      b.      Deposition notaries and staff;
      c.      Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs (a) - (b) above;
      d.      Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;
      e.      Deponents during the course of their deposition, excluding officers, employees, and agents of the non-producing parties unless described in (d) above.

6.      Confidential material and highly confidential material may be disclosed to persons listed in paragraphs 4(d) and (e) and 5(d) and (e) above upon compliance with the following requirements:
      a.      Each person shall first be advised by the attorney making the disclosure that pursuant to this Protective Order, the person may not divulge any such material to any other person, except in the preparation or trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of confidential documents under this Order.
      b.      The attorney shall secure from each person an affidavit that he or she has read this Protective Order, and understands that pursuant to this Protective Order, he or she may not, and that he or she undertakes not to, divulge any such material except in the preparation or trial of this action, and that he or she will not use the material for any other purpose. A form of such affidavit is attached hereto as Exhibit A. A copy of this affidavit, together with a list of such material is disclosed to the person and the date of disclosure, shall be retained by counsel disclosing such material and securing said affidavit. All such material produced thereunder and all copies thereof shall be returned at the conclusion of this litigation to the other party producing it.

      c.      Such material may be disclosed to deponents during the course of depositions if: (1) the attorney making the disclosure first advises the deponent that pursuant to this Protective Order, the person may not divulge such material to any other person, and (2) the material is not left in the possession of the deponent, unless the deponent qualifies for access to such material pursuant to

this Protective Order.

7. If any party objects to the claim that a document should be deemed confidential or highly confidential, that party shall inform the opposing party in writing that the document should not be so deemed. If the party so notified wishes to maintain confidential or highly confidential status, that party must present a motion to the court claiming such status within ten (10) days, or it is waived. The document shall continue to have confidential or highly confidential status during the pendency of any such motion.

8. No copies of confidential or highly confidential material shall be made except by or on behalf of attorneys of record in this case. Any attorneys making copies of such material shall maintain all copies within their possession unless provided to those entitled to access to such documents under this Protective Order, in which case such individual is required to maintain any such documents pursuant to the terms of this Protective Order.

9. Before any party submits, presents to, or files with the Court any Confidential or Highly Confidential material, including documents, responses to interrogatories, deposition transcripts, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, such party shall file with the Court an application requesting that such material be placed under seal by the Clerk and not made available to persons other than the Court and persons authorized by this Order.

10. All Confidential and/or Highly Confidential documents and other discovery materials so designated and produced in connection with this litigation shall be used only for purposes of all litigation between the parties, and not for any other purpose.

11. The termination of proceedings in this action shall not relieve the persons described in paragraphs 4 and 5 above from the obligation of maintaining the confidentiality of all Confidential or Highly Confidential information received pursuant to this Order, unless the Court orders or permits otherwise. Upon termination of the proceedings (including all appeals), the parties may request the return to them of all previously furnished Confidential and/or Highly Confidential discovery material, including any copies thereof, and each person or party to whom such Confidential and/or Highly Confidential discovery material has been furnished or produced shall be obligated to return the same material, except that in lieu of returning copies to the party from whom they were produced, the receiving party may destroy them if it certifies, in writing, that it has destroyed all copies and documents containing such discovery material. This provision shall apply to any documents containing Confidential or Highly Confidential information from discovery material.

12. The termination of the proceedings in this litigation shall not relieve any persons to whom any Confidential or Highly Confidential document, transcript, material, information or data has been disclosed from the obligations of this Protective Order, and
    the Court shall retain jurisdiction after final disposition of this litigation for the purposes of any application to modify or enforce the provisions of this Order.

13. All objections as to the admissibility into evidence of the documents produced subject to

this Protective Order are reserved until trial of this case if the objection is contained in the Pre-Trial Order. The use of Confidential or Highly Confidential materials as evidence at the trial of this case shall be subject to this Order unless modified by the Court. Without losing the confidentiality of the discovery material, any discovery material stamped as Confidential or Highly Confidential under this Order shall be redacted so as to eliminate the stamp before the document is shown to the jury

14. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, at any time, on an appropriate showing of good cause, issuance of an order of the Court dissolving or modifying this Order.

15. Any person violating this Order may be subject to sanctions under the Federal Rules of Civil Procedure and contempt proceedings.

     **SO ORDERED**.           Signed: August 24, 2012

_____
David S. Cayer
United States Magistrate Judge

CONSENTED TO:

| SIGMON, CLARK, MACKIE, HANVEY & FERRELL, P.A. | MORGAN LAW, PLLC |
|---|---|
| /s/ Forrest A. Ferrell | /s/William E. Morgan |
| Forrest A. Ferrell | William E. Morgan |
| N. C. State Bar No. 1439 | N.C. Bar #35459 |
| Attorney for Defendants | Attorney for Plaintiff |
| Post Office Drawer 1470 | 200 First Avenue NW, Suite 531 |
| Hickory, North Carolina 28603 | Hickory, NC 28601 |
| Telephone: (828) 328-2596 | 828-855-3212 |
| Fax: (828) 328-6876 | (f) 828-855-3214 |
| forrest.ferrell@sigmonclark.com | morgan@morganlaw.org |

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | | |
|---|---|---|
| **DOUGLAS H. BOUTIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **JOINT PROTECTIVE ORDER** |
| | ) | |
| **HAMPTON INN, HICKORY, LLC;** | ) | |
| **BW HICKORY, LLC** | ) | **No. 5:11-cv-118** |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

    I hereby certify that I, _____, have read, reviewed and understand the Joint Protective Order entered in the above-captioned matter and I agree to abide fully and, thus, be bound by its terms and to be bound thereby.

    I hereby consent to be subject to the personal jurisdiction of the above-captioned Court with respect to any proceeding related to the Protective Order.

Dated:_____     _____
                                                                                                        Signature